SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF HERKIMER
----------------------------------------------------------------X
NAOMI LEVELLIE, individually and as mother and natural   Index No.:
guardian of L.L.
                              Plaintiff(s),
           -against-                                     VERIFIED COMPLAINT

POLARIS INDUSTRIES, INC.
                              Defendant(s).
----------------------------------------------------------------X

The Plaintiffs complaining of the Defendant, above named, would respectfully show unto this Honorable Court as follows:

## JURISDICTION

1. The Plaintiffs are residents of the Herkimer County, State of New York.

2. The Defendant Polaris Industries, Inc. (hereafter Polaris) is a Minnesota corporation engaged in the manufacturing of recreational motorized vehicles for sale to the general public in the United States including the State of New York. POLARIS manufactures or formerly manufactured watercraft and other vehicles and accessories for land, water, snow and air recreation and utility.

3. That the jet ski at issue in this matter was designed, manufactured, and sold by Defendant.

## FACTS

4. That at some time before August 19, 2015, Defendant designed, manufactured, and sold a jet ski designated as a 1994 Polaris SL 650.

5. On or about August 19, 2015, Infant Plaintiff L.L. was riding as a passenger on the aforementioned jet ski at the Hinckley Reservoir in Hinckley, New York, in the seat position closest to the rear of the watercraft. At this time, the Infant Plaintiff slid off the back seat of the watercraft, and landed directly in the jet thrust of the jet drive propulsion system. As a direct and proximate result of Infant Plaintiff's contact with the output pressure from the jet drive, she sustained serious, painful, and permanent injuries described more fully later herein.

## *FOR A FIRST CAUSE OF ACTION - STRICT LIABILITY*

6. Paragraphs 1 through 5 are incorporated herein by reference.

7. The Defendant had a duty to design, test, manufacture, assemble, and inspect its jet skis so as not to subject purchasers and/or users to an unreasonable risk of harm through a product which was in a defective and unreasonably dangerous condition. The jet ski in question was defective and unsafe for its intended purposes at the time it left the control of Defendant and at the time it was sold to the purchaser of the product.

8. The product was defectively designed so as to render it unreasonably dangerous to Plaintiff. In particular, jet skis do not provide riders with adequate mobility restraints, handholds, straps, grips, seating configuration and/or tail design which would prevent the rearmost passenger from sliding backward off the seat upon acceleration and falling directly into the path of the jet thrust of the jet drive propulsion system.

9. Several safer alternative designs existed at the time the product was manufactured. Those safer alternatives would have incorporated:

a) A simple grip strap across the seat which could be held between the passenger's legs;

b) Handholds in or adjacent to the seat that are high enough to be reached and gripped while allowing the last passenger to keep her center of gravity sufficiently forward;

c) A contoured seat with a bolster or backrest which would prevent the last passenger from sliding off the rear of the craft;

d) Lengthening of the rear deck of the craft far enough to allow the output pressure of the jet drive to dissipate prior to the point where a fallen passenger could be seriously injured by such flow; and

e) A contoured housing over the jet propulsion system that would direct or slide a fallen passenger to the side or far enough behind the jet flow to reduce or eliminate the danger.

10. Each of the foregoing alternative designs would have prevented or significantly reduced the risk of Plaintiff's injuries, without substantially impairing the product's utility. Furthermore, each of these safer alternative designs were economically and technologically feasible at the time the product left Defendant's control by the application of existing or reasonably achievable scientific knowledge.

11. Moreover, the jet ski was defective and unreasonably dangerous because it was placed on the market without adequately warning the users of the watercraft that a passenger could slide or topple off the back of the craft and land directly into the path of an extremely dangerous jet of water which was likely to inflict severe and permanent damage to human tissue and organs. The warnings which were provided were small,

inconspicuous, hidden within a barrage of warnings, poorly placed for passenger viewing, unclear, non-specific, vague and therefore, in violation of ANSI standards and entirely inadequate to provide the protection needed by passengers invited to ride on such a watercraft.

## FOR A SECOND CAUSE OF ACTION – NEGLIGENCE

12. Paragraphs 1-11 are incorporated herein by reference.

13. Defendant was negligent, grossly negligent, reckless, willful and wanton in the following respects:

   a) In that they designed a product that allows the last passenger to ride without adequate restraints or handholds or rear deck configuration which would prevent them from falling backwards and directly into the jet water thrust from the jet drive propulsion system; and

   b) In that they placed a product on the market without adequately warning its users that a passenger falling from the rear seat of the craft could fall directly into the path of an extremely dangerous jet of water which was likely to inflict severe and permanent damage to human tissue and organs or death.

14. Plaintiff further alleges that Defendant acted with gross negligence, recklessness, willfulness and/or wantonness. In particular, rather than properly addressing the admittedly known risk and altering the design of the machine, Defendant designed, manufactured and marketed the product knowing that the design was far too dangerous for use by the public as it allowed the last passenger to ride without

adequate restraints, handholds, seating configuration or a proper tail design which would prevent the last passenger from falling backwards and directly into the tissue-cutting jet thrust from the jet drive propulsion system, which can and does result in injuries and damages of an entirely different nature and far more severe than any injuries or damages which a typical user having the normal amount of knowledge and experience with the watercraft in question would find foreseeable.

15. Moreover, the product was placed on the market without adequately warning the users of the watercraft that the rearmost passenger could fall directly into the path of an extremely dangerous jet of water which was likely to inflict severe and permanent damage to human tissue and organs, or death, when it was well known that the warnings provided did not comply with ANSI standards, and that the warnings could have been placed in better, more conspicuous locations, and incorporated much clearer language which would convey the true extent of the risks involved.

## *FOR A THIRD CAUSE OF ACTION – BREACH OF WARRANTY*

16. That Paragraphs 1 through 15 are incorporated herein by reference.

17. By designing, testing, manufacturing and selling this defective and unreasonably dangerous product, the Defendant breached its implied warranties and its express warranties of fitness for a particular purpose and merchantability under New York law. Indeed, Defendant impliedly warranted to the public, generally and specifically to Plaintiff, that this model of the POLARIS jet ski was of merchantable quality and was safe and fit for the purpose intended when used under ordinary circumstances and in an

ordinary manner. Said Defendant was a merchant with respect to the product in question, and such product was not merchantable as warranted in one or more of the following respects: the design was far too dangerous for use by the public as it allowed the last passenger to ride without adequate restraints or handholds, or protection from falling directly into the path of the jet thrust from the jet drive propulsion system, which can and does result in injuries and damages of an entirely different nature and far more severe than any injuries or damages which a typical user would find foreseeable having the normal amount of knowledge and experience with the watercraft in question. Plaintiff suffered the injuries and damages set forth below as a proximate result of Defendant's breaches of the foregoing warranties.

18. As a direct and proximate result of the aforementioned acts and/or omissions by the Defendant, which constituted strict liability, negligence, reckless, willfulness, and breach of warranties, the Plaintiff sustained multiple injuries to her anus, rectum, perineum and vagina, as well as unknown permanent and debilitating damages, thereby causing her to suffer from conscious pain and suffering, medical expenses, including hospitalizations, together with the costly expense of several physicians; that further, the Plaintiff sustained a loss of earnings as a result of her injuries; that furthermore, the Plaintiff continues to suffer from pain and discomfort as a result of her injuries and is informed and believes that the same will continue indefinitely, all to the Plaintiff's loss and damage in a sum to be determined by the jurors for actual and punitive damages.

19. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment on the first cause of action and on the second cause of action and on the third cause of action, each in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over the subject matter herein as well as punitive damages, together with the costs and disbursements of this action.

Dated:   New York, New York
         August 14, 2018

Yours etc.,

MICHAEL B. RONEMUS
RONEMUS & VILENSKY
Attorneys for Plaintiff(s)
112 Madison Avenue
New York, New York 10016
(212) 779-7070

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated:   New York, New York
         August 14, 2018

MICHAEL B. RONEMUS